UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 30, 2017

LETTER TO COUNSEL

RE: *Corina V. Hartman v. Commissioner, Social Security Administration*
Civil No. SAG-16-4026

Dear Counsel:

On December 19, 2016, Plaintiff Corina Hartman petitioned this Court to review the Social Security Administration's final decision to deny he claim for Disability Insurance Benefits ("DIB"). [ECF No. 1]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 16, 17]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Hartman's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405. This letter explains my rationale.

Ms. Hartman protectively filed her claim for DIB on July 22, 2011. (Tr. 272-78). She alleged a disability onset date of February 16, 2009. *Id.* Her claim was denied initially and on reconsideration. (Tr. 154-58, 164-70). A hearing was held on August 8, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 70-108). After the hearing, the ALJ determined that Ms. Hartman was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 131-48). The Appeals Council granted Ms. Hartman's request for review and issued an order remanding the case to an ALJ. (Tr. 149-53). On May 14, 2015, a hearing was held before a new ALJ. (Tr. 30-67). On June 18, 2015, the ALJ denied Ms. Hartman's claim for DIB. (Tr. 8-29). The Appeals Council denied Ms. Hartman's request for review, so the ALJ's 2015 decision constitutes the final, reviewable decision of the Agency. (Tr. 1-6).

The ALJ found that Ms. Hartman suffered from the severe impairment of "degenerative disc disorder of the lumbar spine." (Tr. 13). Despite this impairment, the ALJ determined that Ms. Hartman retained the residual functional capacity ("RFC") to:

> perform a range of light work as defined in 20 CFR 404.1567(b) involving lifting/carrying up to 20 pounds occasionally and 10 pounds frequently (with a maximum of 5-10 pounds at a time per arm), standing up to 2/3 of a work day, walking up to 2/3 of a work day, and sitting up to 2/3 of a work day.

(Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Hartman could perform jobs existing in significant numbers in the national economy, and that, therefore, she was not disabled. (Tr. 23).

Ms. Hartman's sole argument on appeal is that the ALJ erroneously assessed her RFC by misinterpreting the consultative examination opinion of Dr. Praveen Bolarum. [ECF No. 16-1, 5-7]. Specifically, Ms. Hartman contends that Dr. Bolarum did not find that she had the RFC to stand, sit, and walk for two-thirds of a work day, which conflicts with the ALJ's statement that she did. (Tr. 21); [ECF No. 16-1, 6]. Instead, Ms. Hartman argues that Dr. Bolarum, in finding that she had "limitation in standing, sitting, and walking occasionally," clearly determined "not that [she] was capable of standing, sitting, and walking up to two-thirds of a work day each, but rather that [she] was capable of standing, sitting, and walking less than one third of a work day each." (Tr. 21); [ECF No. 16-1, 6]. The Commissioner, meanwhile, contends that the ALJ properly interpreted Dr. Bolarum's findings in concluding that Ms. Hartman could stand, sit, and walk for two-thirds of a work day. [ECF No. 17-1, 5-6].

The ALJ gave Dr. Bolarum's January 10, 2015 consultative physical examination of Ms. Hartman "great weight" because it was "balance[d], objective, and generally consistent with the medical evidence of record." (Tr. 21). Dr. Bolarum concluded that Ms. Hartman has: "limitation in standing *occasionally* in an 8 hour work day . . . has limitation in sitting *occasionally* in an 8 hour work day . . . [and] has limitation in walking *occasionally* in an 8 hour work day." (Tr. 560)(emphasis added). Moreover, Dr. Bolarum's exam included a "LIMITATIONS KEY," which expressly defined "Occasionally" as: "very little up to 1/3 total of an 8 hour work day." (Tr. 560). For reference, the remaining limitations included in the key were: (1) "Frequently," defined as "1/3 to 2/3 total of an 8 hour work day;" and (2) "Continuously," defined as "more than 2/3 of an 8 hour work day." (Tr. 560).

I find that there is substantial evidence to support the ALJ's conclusion that Ms. Hartman was capable of standing, walking, and sitting up to two-thirds of a work day. (Tr. 15). Because Ms. Hartman was limited in standing, sitting, and walking "occasionally," defined as "very little up to 1/3 total of an 8 hour work day," by default, Dr. Bolarum must have believed that she could stand, sit, and walk for the remaining two-thirds of the work day. Indeed, had Dr. Bolarum believed Ms. Hartman to be more severely limited, he surely would have used either of the more stringent two remaining terms, "frequently" or "continuously," to reflect as much or would have stated that she is limited to standing, sitting, and walking occasionally. Moreover, the ALJ's interpretation of Dr. Bolarum's findings comports with the remainder of Dr. Bolarum's report, which provided that Ms. Hartman: (1) ambulated without difficulty; (2) could "get up and out of the chair without difficulty;" (3) could "get on and off the examination table without difficulty;" (4) demonstrated a normal gait; (5) could walk on her heels; (6) could squat to the floor; (7) could bend over and touch her toes; (8) had 5/5 grip strength; and (9) had 5/5 motor strength in all extremities. (Tr. 558-60). Finally, the ALJ's interpretation comports with the objective medical evidence of record, which demonstrates: (1) that Ms. Hartman's treatment has been limited and conservative with substantial gaps in treatment; (2) that her back condition has never required surgery, steroidal injections, or hospitalization; (3) that repeated physical exams failed

to reveal results consistent with the impairment alleged; (4) that she has not complied with recommended treatment; (5) and that her average daily activities "are not as limited as one would expect, given the complaints of disabling symptoms and limitations." (Tr. 19). As such, remand is not warranted in this case.

For the reasons set forth above, Ms. Hartman's Motion for Summary Judgment [ECF No. 16] is DENIED and Defendant's Motion for Summary Judgment [ECF No. 17] is GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge